CATHERINE B. MARTINEAU, as Administratrix, etc., of IRENE MARTINEAU, Deceased, Respondent, *v.* ROCHESTER RAILWAY COMPANY, Appellant.

*Death caused by negligence — permitting a child to cross the street is not contributory negligence as a matter of law — ordinance of the city of Rochester governing the rate of speed of street cars.*

Upon the trial of an action brought to recover damages resulting from the death of the plaintiff's intestate by reason of the alleged negligence of the defendant, it was shown that the deceased, a child of two and one-half years old, while under the care of her mother, was permitted by her to cross the street, attended by her sister, a child of five years of age; that before giving her consent to their crossing the street, the mother looked and saw that no car was approaching, and that there was nothing in the street to harm the children, who had asked to go to meet their father who was on the other side of the street. The children crossed the street in safety, but in attempting to recross the street, in following their father, who had crossed the street without seeing them, the younger child was run over by an electric car on a surface railroad and killed.

*Held*, that the mother was not, as a matter of law, guilty, of contributory negligence;

That the portion of the ordinance of the common council of the city of Rochester passed March 9, 1877, which provided that cars to be used on a surface railroad "shall be drawn by horses or mules only, at a speed not exceeding the rate of seven miles per hour," was not, so far as the provision in relation to the rate of speed of such cars was concerned, repealed by the passing by such common council, subsequently, of an ordinance giving the surface railroad company the right to construct, maintain and operate an overhead trolley electric system of motive power in the operation of its cars on all the streets, avenues and public places in the city of Rochester, under which the company constructed and was maintaining and operating at the time of the accident its street surface railroad.

APPEAL by the defendant, the Rochester Railway Company, from a judgment of the Supreme Court in favor of the plaintiff, entered

in the office of the clerk of the county of Monroe on the 18th day of December, 1893, upon the verdict of a jury rendered after a trial at the Monroe Circuit, and also from an order entered in said clerk's office on the 18th day of December, 1893, denying the defendant's motion for a new trial made upon the minutes.

*Charles J. Bissell,* for the appellant.

*Thomas Raines,* for the respondent.

HAIGHT, J. :

This action was brought to recover damages for the alleged negligent killing of the plaintiff's intestate. The deceased was an infant about two and a half years of age. She had a sister May of the age of five years. On the day of the accident the mother had been out with the children, and had returned to her residence on North avenue in the city of Rochester. Whilst still upon the walk the children saw their father coming home upon the same side of the street. May screamed out : "Papa is coming," and asked if she could take Irene, and go and meet him. The mother gave her consent. In the meantime the father had crossed the street to a meat market, and the children, hand in hand, started to cross after him. They crossed to the opposite sidewalk, and started along the walk towards the meat market. The father purchased some meat, came out, and started to recross the street without seeing the children. The children, evidently seeing their father crossing the street, started to return, and in doing so Irene was run over and killed by one of defendant's electric cars. Some evidence was given tending to show that the car was running at a very high rate of speed, from twelve to fifteen miles per hour, and that the motorman did not sound the gong until the moment of the accident, from which it is contended that the motorman was not properly discharging his duty in the operation of the car by keeping it under control and looking out for persons approaching. Our examination of the evidence leads to the conclusion that the question of the defendant's negligence was for the jury.

As to the mother's contributory negligence there may be more doubt. The deceased was *non sui juris,* and was under the care of her mother. She was permitted to cross the street attended by her

sister only, who was a child of but five years of age ; but the mother tells us that she looked before giving her consent, and saw no car approaching. There was nothing else in the street to harm the children. They were going to meet their father, with whom they would have been safe. Although the facts may present a case upon the border line, we are inclined to the view that the trial court properly refused to hold that the mother was guilty of contributory negligence as a matter of law, and correctly submitted the question to the jury.

Upon the trial the plaintiff introduced in evidence an ordinance of the common council of the city of Rochester passed March 9, 1887. Section 4 provides as follows : " The cars to be used on any such railroad shall be drawn by horses or mules only, at a speed not exceeding the rate of seven miles per hour, and shall run as often as once in every fifteen minutes between the hours of six o'clock in the morning and twelve o'clock midnight," etc. The ordinance contains numerous other provisions in reference to the operating of the street surface railroads in the city which are not necessary to be here considered. An exception was taken by the appellant to the reception of this evidence. It is contended on the part of the respondent that this ordinance is still in force so far as the provision relating to speed is concerned; whilst on behalf of the appellant it is claimed to have been repealed by implication, or superseded. It appears from the proceedings of the common council for the years 1889 and 1890 that an ordinance was passed giving the defendant the right to establish, construct, maintain, operate and use the overhead trolley electric system of motive power in the operation of its cars in and on all of the streets, avenues and public places in the city of Rochester, along, through and upon which the company has constructed and is maintaining and operating a street surface railroad. The ordinance contains numerous provisions pertaining to the operation of the system, among which we find the following: " It is further resolved, that before this grant and consent shall become operative, the said company shall deliver to and leave with said committee a written agreement to the city to accept, and in each and every thing and particular comply with, each and all the provisions contained in these resolutions, and to well and truly, at any and all times hereaf-

ter, to indemnify and protect the city of Rochester in the particulars and manner specified in these resolutions, and to well and truly, at all times, comply with all ordinances and resolutions of the common council of said city not in conflict herewith, which have been at any time heretofore, or may at any time hereafter, be passed, *relating to the rate of speed*, manner of running cars, general government or use of tracks, removal of ice, snow or dirt, and the general repairs of the street within, and for two feet outside of and adjoining, said company's track or tracks." In our examination of the new ordinance we find nothing that is in conflict with the provisions of the earlier ordinance relating to the speed at which cars should be run; and we think it is not intended that the new ordinance should affect the provision of the old ordinance in this regard, for here in the provision to which we have referred, we find certain things enumerated, such as the rate of speed, the manner of running cars, general government or use of tracks, the removal of ice, snow or dirt, etc., which the company is required to agree with the city that it will at all times comply with the ordinances in reference thereto, " which have been at any time heretofore or may at any time hereafter be passed." We are aware that the earlier ordinance provides that the cars shall be drawn by horses or mules at a speed not exceeding the rate of seven miles per hour. And it is claimed on behalf of the appellant that the new ordinance, permitting them to substitute the trolley motive power in place of horses and mules, supersedes this provision of the old ordinance, including the rate of speed, but we do not so construe the provisions. The trolley motive power was permitted to be substituted in place of the horses or mules; the speed at which the cars were to be moved was not changed or affected.

We have examined the other exceptions appearing in the case, but we find none which we think requires a new trial.

The judgment and order appealed from should be affirmed.

DWIGHT, P. J., and LEWIS, J., concurred; BRADLEY, J., not sitting.

Judgment and order appealed from, affirmed.